UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-297-H

MILTON PEACOCK, et al.                                                              PLAINTIFFS

V.

DAMON CORPORATION, et al.                                                      DEFENDANTS

**MEMORANDUM OPINION**

This is a consumer protection/breach of warranty case involving the purchase of a custom made motor coach. The parties settled all aspects of the case except for the amount of attorney's fees and expenses. No one disputes Plaintiffs' entitlement to a reasonable attorney's fee. The parties have left to the Court the role of deciding the amount of that fee.

The Court's Memorandum Opinion dated September 20, 2006, discusses the extensive factual record of the case as well as the many complicated legal issues which arose. Plaintiffs began by asserting claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, the Kentucky Consumer Protection Act, common law claims for breach of express and implied warranty and breach of duty of good faith under the Uniform Commercial Code. Plaintiff's attorneys, Ellen G. Friedman and Dani K. Liblang, request attorney's fees in the amounts of $53,020.00 and $5,985, respectively. They request litigation expenses in the amounts of $3,666.50 and $211.50 respectively. The Court will consider a number of the well-known factors to determine the amount of a reasonable fee.

The starting point for determining attorney's fees is the so-called "lodestar amount": the number of hours reasonably expended on litigation multiplied by a reasonable hourly fee.

*Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The Sixth Circuit has adopted a comprehensive list of additional factors relevant to fee calculation originally enunciated by the Fifth Circuit and subsequently cited with approval by the Supreme Court. *See Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Hensley*, 461 U.S. at 430 n.3. The factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004). The Sixth Circuit has also counseled that the primary goal for the Court in addressing attorneys' fees is to determine a reasonable fee award that would attract competent counsel, yet avoid producing a windfall for lawyer. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)).

Ms. Friedman is an attorney of high professional standing and many years of experience. She has a particular expertise in these kinds of consumer cases. Ms. Friedman's initial negotiated hourly rate with Plaintiffs was $175 an hour. She now requests $250 an hour. Based on the type of work involved and Ms. Friedman's experience, the Court concludes that an hourly rate of between $175 and $250 would be reasonable in this market place. That the parties initially agreed upon a $175 hourly rate is compelling evidence that such a rate is reasonable in this market in this case.

According to her fee application, Ms. Friedman devoted about 257 hours to this case.[1] Many of the hours spent incurred here concerned claims ultimately dismissed or issues only indirectly related to the recovery. Plaintiffs' attempt to expand this case beyond a general warranty claim and damages under warranty were generally unsuccessful. Moreover, they encountered a host of other issues concerning their particular standing to bring these claims which were unique to this case. In short, the attorneys were required to expend considerably more time and effort on various aspects of the case which ultimately proved unproductive. Defendants say that Ms. Friedman's hours should be reduced by up to 50 percent. This is far too much. The Court believes that a 25 to 30 percent reduction is more in line.

The actual litigation of this case did not present any unusual factors. The claim raises issues of personal concern and not any issue which would benefit society at large. The legal issues are neither novel nor particularly difficult. Only unusual factual disputes made this a difficult case. The litigation itself was not so consuming that counsel neglected or turned down other work.

The settlement of the case also does not present any unusual factors. The Court views the resulting settlement to be certainly a good one and in line with the Court's rulings. However, the settlement was considerably less than the amounts Plaintiffs demanded through much of the settlement and litigation process. In short, Plaintiffs achieved a good result from the diligent efforts of counsel, but not one which warrants a particular enhancement.

Another way of analyzing this case is that compensation should be based upon a standard

---

[1] The Court regards Ms. Friedman as the primary responsible attorney. Ms. Liblang, though a fine attorney, seems to have added relatively little to the development and settlement of the case. The Court will award Ms. Liblang less accordingly.

contingency fee basis. Such a reasonable contingency for Ms. Friedman yields approximately the same result as would an hourly fee of $175 applied to an appropriate reduction in the hours expended of about 30 percent or from 250 hours to 170 hours expended. The Court believes that either of these two methods to be reasonable.

In conclusion, the Court finds that the total fee of $29,000 for Ms. Friedman is appropriate. Ms. Liblang's fee request will be reduced by a greater percentage to a total of $2,000. The full amount of the expenses for each attorney is also awarded.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record